UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY JOSEPH HOFFMAN,

        Petitioner,                  Case Number 17-13670
                                                      Honorable David M. Lawson

v.

THOMAS WINN,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

    Petitioner Gregory Joseph Hoffman is in the custody of the Michigan Department of Corrections serving a prison sentence for first-degree criminal sexual conduct. He filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 that raises three claims for relief: he received ineffective assistance of counsel; the trial court lacked jurisdiction over the petitioner; and his sentence violates the Eighth Amendment. Because Hoffman has not shown that the state courts disposed of his claims in violation of federal law, the Court will deny the petition.

I.

    The facts set forth in the record before the Court indicate that Hoffman digitally penetrated his nine-year-old granddaughter. On October 12, 2009, he pleaded guilty to the first-degree criminal sexual conduct charge in exchange for dismissal of a fourth habitual offender sentence enhancement. He was sentenced on November 9, 2009 to 300 to 450 months (25 to 37-1/2 years) in prison. The 25-year minimum sentence is mandatory under state law. Mich. Comp. Laws § 750,520b(2)(b).

    The petitioner did not file a direct appeal, but he did file a post-conviction motion for relief from judgment, which was denied. *People v. Hoffman*, No. 2009-004298-FC (Antrim County Cir.

Ct. Feb. 2, 2016). The Michigan appellate courts also denied relief. *People v. Hoffman*, No. 333608 (Mich. Ct. App. Nov. 16, 2016), *leave denied*, 901 N.W.2d 387 (Mich. Sept. 12, 2017) (Table).

Hoffman then filed the pending habeas corpus petition raising three issues, which he phrased as follows:

> I.   The petitioner was denied substantive due process insomuch as he was denied effective assistance of counsel, and a likely outcome different than that which did occur with proper representation.
>
> II.  The petitioner was denied due process under the Michigan and United States Constitution[s] insomuch as the trial court lacked jurisdiction over the petitioner.
>
> III. The mandatory minimum sentence for criminal sexual conduct 1st degree of twenty-five years … is cruel and unusual punishment.

Pet. at i, ECF No. 1, PageID.8.

II.

Certain provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). A federal court may grant relief only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

"Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the *dicta*, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotation marks and citations omitted). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than *de novo* review. Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (quotation marks omitted)). The AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010).

A.

Hoffman first argues that his attorney was ineffective by failing to investigate the case, interview witnesses, and seek a polygraph examination. Hoffman maintains that if counsel had done these things counsel would have discovered that the charging document was invalid, and that Hoffman was innocent, and Hoffman would not have pleaded guilty. The respondent disagrees, and he also addresses an argument not raised in the petition: that counsel was ineffective by failing to request an evaluation under *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993) (permitting a defendant to enter a guilty plea in reliance on the trial court's initial evaluation as to the appropriate sentence, subject to the defendant's right to withdraw his plea if the sentence

actually imposed exceeds the preliminary evaluation). Hoffman raised this claim on collateral review in state court but not in the pending petition. The Court will not address that argument.

A violation of the Sixth Amendment right to effective assistance of counsel is established where an attorney's performance was deficient, and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To establish that an attorney's deficient performance prejudiced the defense, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In guilty plea cases, *Strickland's* framework applies. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985). The performance prong remains the same. *Id.* at 59. The prejudice prong is slightly different: petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Ibid.*

A guilty plea is not valid unless it is voluntary and intelligently made. *Brady v. United States*, 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id.* at 755, 757.

The respondent argues that Hoffman waived his ineffective assistance of counsel claims because a guilty plea waives all non-jurisdictional pre-plea claims. *See* Resp't's Br. at 12 (citing *Tollett v. Henderson*, 411 U.S. 258, 266 (1973)) (ECF No. 6, PageID.70). But ineffective assistance of counsel claims that relate to the voluntariness of a plea are not waived or forfeited. *See Hill*, 474 U.S. at 56 ("Where … a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.") (quotation marks omitted). Hoffman argues that counsel's failures informed and influenced his decision to plead guilty. His claims, therefore, are not waived.

Hoffman argues that his trial attorney was ineffective because he failed to investigate the case and failed to interview witnesses. The trial court denied this claim on the merits with little explanation. This summary denial is entitled to deference under § 2254(d). Where a state court denies a claim on the merits, but with little explanation, "a habeas court must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with [Supreme Court precedent]." *Harrington*, 562 U.S. at 102.

Defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. *See Strickland*, 466 U.S. at 690-91. Hoffman points to defense counsel's failure to discover the purportedly deficient arrest warrant as evidence that counsel failed to investigate. On collateral review, the trial court held that the arrest warrant was not deficient. *See* Order Den. Mot. for Relief from Jud. at 5-6 (Feb. 2, 2016), ECF No. 7-6, PageID.128-129. That decision precludes a finding of prejudice. It also undercuts a claim of deficient performance. The failure to file

a meritless motion or raise a groundless objection does not constitute defective performance. *Jalowiec v. Bradshaw*, 657 F.3d 293, 321-22 (6th Cir. 2011) (stating that an "attorney is not required to raise a non-meritorious claim" (citing *Wilson v. Mitchell*, 498 F.3d 491, 514-15 (6th Cir. 2007))); *see also Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (reiterating that the "[Supreme] Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success" to avoid a finding of deficient performance under *Strickland*). Hoffman cannot show that counsel was ineffective by failing to investigate and challenge a valid arrest warrant.

Hoffman also argues that if counsel had investigated and interviewed witnesses, he would have discovered Hoffman's innocence. Obviously, Hoffman was aware of his own guilt or innocence regardless of counsel's investigations. He points to no specific evidence counsel could have uncovered that would have persuaded Hoffman to proceed to trial rather than enter a guilty plea. Additionally, the Constitution allows a defendant to enter a guilty plea while maintaining his innocence. *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970).

In addition, before accepting Hoffman's guilty plea, the trial court advised him of the rights he was giving up by pleading guilty, advised him of the terms of the plea agreement, determined that no promises (other than those encompassed in the plea agreement) had been made, and found that no one had threatened him to force him to enter the plea. Hoffman asserted that he understood the terms of the plea agreement. Hoffman's claim that counsel was ineffective by failing to investigate and interview witnesses is based on speculation and insufficient to establish that the state court's decision denying this claim was contrary to, or an unreasonable application of, the *Strickland* standard.

Hoffman also argues that counsel was ineffective by failing to advise him that he had a right to take a polygraph examination. The state court rejected this claim, holding that "[b]ecause polygraph results are inadmissible evidence, [counsel's] determination that a polygraph examination was unnecessary based on the facts and circumstances of the case was not objectively unreasonable." Order Den. Mot. for Relief from Jud. at 5 (Feb. 2, 2016), ECF No. 7-6, PageID.128.

Michigan law allows a defendant accused of a criminal sexual conduct offense a right to be given a polygraph examination upon request. Mich. Comp. Laws § 776.21(5). If a defendant passes a polygraph test, a law enforcement officer must inform the victim. Mich. Comp. Laws § 776.21(3). Other than informing a victim that the accused has passed the test, the statute does not afford an accused person any other benefits for taking a polygraph examination. Polygraph test results are inadmissible in criminal cases in Michigan. *People v. Phillips*, 469 Mich. 390, 397, 666 N.W.2d 657, 661 (2003). It is possible that Hoffman may have enjoyed some additional leverage in plea negotiations from a favorable polygraph test result. But any anticipated benefit is based upon pure conjecture because Hoffman provides no support for the assumption that the results of a polygraph test would be favorable. His guilty plea suggests that they would not be. And if Hoffman had failed the test, his bargaining position certainly would have been negatively impacted. Under these circumstances, Hoffman fails to show that counsel's decision not to request a polygraph examination resulted in any prejudice.

The petitioner has not shown that the state court's rejection of his ineffective assistance of counsel claims was contrary to or an unreasonable application of federal law.

B.

In his second claim, Hoffman argues that the trial court lacked jurisdiction because the arrest warrant was issued without a properly signed probable cause affidavit in violation of Michigan Court Rule 6.102(A). Habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States," and does not encompass the reexamination of state-court determinations of state-law issues. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The determination whether a state court had jurisdiction under state law is properly made by the state courts, not the federal judiciary. *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). The state court held that the warrant was issued in compliance with Court Rule 6.102(A). *See* Order Den. Mot. for Relief from Jud. at 5-6 (Feb. 2, 2016), ECF No. 7-6, PageID.128-129. The state court's interpretation of this jurisdictional issue "conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001). Habeas relief is denied on this claim.

C.

Finally, Hoffman argues that his sentence of 25 to 37-1/2 years imprisonment violates the Eighth Amendment's ban on cruel and unusual punishment. "[T]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). Courts reviewing Eighth Amendment proportionality claims must afford "substantial deference" to the legislatures in determining the appropriate punishments for crimes. *Solem v. Helm*, 463 U.S. 277, 290 (1983). "[A] sentence within the statutory maximum … generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quotation omitted).

Hoffman's sentence is within the statutory limits for the crime of first-degree criminal sexual conduct, which carries a maximum life sentence and a mandatory minimum term of 25 years, which was imposed. *See* Mich. Comp. Laws § 750.520b(2)(b). Hoffman's sentence is neither "extreme" nor "grossly disproportionate" so as to violate the Eighth Amendment. *Harmelin*, 501 U.S. at 959.

### III.

None of the petitioner's claims presents a basis to issue a writ of habeas corpus under 28 U.S.C. § 2254(d). The state court's decision in this case was not contrary to federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. The petitioner has not established that he is presently in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: August 16, 2021